IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY D. MATTHEWS, | No. CIV S-10-1182-LKK-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| GREG LEWIS,[1] | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is Respondent's motion to dismiss (Doc. 12), petitioner's request for equitable tolling and stay (Doc. 15), and petitioner's motion to amend his petition (Doc. 19).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing

---

[1] Respondent informs the court that Greg Lewis is now the Acting Warden at Pelican Bay State Prison and requests the appropriate substitution.  The Clerk of the Court is directed to update the docket t accordingly.  Fed. R. Civ. Proc. 25(d).

1   Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in
2   lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being
3   in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
4   Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
5   remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
6   grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.
7   1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
8   after the court orders a response, and the Court should use Rule 4 standards to review the motion.
9   See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has
10  exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

11          Respondent brings this motion to dismiss Petitioner's mixed federal habeas
12  corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. §
13  2244(d).  Petitioner asserts that he is entitled to equitable tolling and a stay in order to complete
14  exhaustion of his claims.

15                    **I.      Statute of Limitations**

16          Federal habeas corpus petitions must be filed within one year from the later of:
17  (1) the date the state court judgment became final; (2) the date on which an impediment to filing
18  created by state action is removed; (3) the date on which a constitutional right is newly-
19  recognized and made retroactive on collateral review; or (4) the date on which the factual
20  predicate of the claim could have been discovered through the exercise of due diligence.  See 28
21  U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court
22  judgment becomes final by the conclusion of direct review or expiration of the time to seek direct
23  review.  See 28 U.S.C. § 2244(d)(1).
24  / / /
25  / / /
26  / / /

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

1  U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari
2  petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between
3  state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,
4  536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as
5  untimely, the federal court must independently determine whether there was undue delay.  See id.
6  at 226-27.

7      There is no tolling for the interval of time between post-conviction applications
8  where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183
9  F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no
10 tolling for the period between different sets of post-conviction applications.  See Biggs v.
11 Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct
12 review and the filing of a state post-conviction application does not toll the limitations period.
13 See Nino, 1983 F.3d at 1006-07.

14     Here, petitioner is challenging his 2005 conviction.  Petitioner admits in his
15 request for equitable tolling, that his statute of limitations time started running on March 12,
16 2008, ninety days after the California Supreme Court denied his request for review.  His federal
17 habeas petition was filed in this court on May 14, 2010.  Providing petitioner the benefit of the
18 mailbox rule, his petition was signed on April 30, 3010.  Thus, without some type of available
19 tolling, his federal habeas petition is clearly untimely having been filed more than two years after
20 the statute of limitations began.

21     Petitioner filed his state habeas petition in the Sacramento County Superior Court
22 on June 26, 2009.  That petition was denied on September 23, 2009.  He then filed his petition in
23 this court.  His petition to the California Supreme Court, filed after his federal petition was filed,
24 was filed on May 10, 2010, and denied on January 26, 2011.  Therefore, again without some type
25 of tolling, his state habeas petition was filed outside the statute of limitations.  Even if the court
26 were to find petitioner eligible for equitable tolling, as discussed below, he is not entitled to any

4

statutory tolling between state habeas petitions.  Petitioner received his denial from the Sacramento County Superior Court on September 23, 2009, and failed to file another state habeas petition without undue delay.  Petitioner waited almost nine months after receiving his state habeas denial before filing at the next state appellate level.  A delay of eight months is clearly unreasonable.  See Carey, 536 U.S. 214; see also Evans v. Chavis, 546 U.S. 189, 201 (2006) (observing that 30 to 60 days would normally be reasonable).  Numerous judges who have considered this issue agree that a delay far shorter than the delay involved here is unreasonable. See Contreras v. Curry, 2008 WL 4291473 (N.D. Cal. 2008) (involving 88-day delay); Livermoore v. Watson, 2008 WL 802330 (E.D. Cal. 2008) (involving 78-day delay); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008) (involving 70-day delay); Young v. Hickman, 2008 WL 361011 (E.D. Cal. 2008) (involving 95-day delay); Bridge v. Runnels, 2007 WL 2695177 (E.D. Cal. 2007) (involving 76-day delay).  The delay between state filings therefore, does not entitle petitioner to statutory tolling, which he apparently concedes as he has not argued otherwise.  Instead, petitioner relies on his request for equitable tolling to render his federal habeas petition timely.

### II.     Equitable tolling

Because the statute of limitations under 28 U.S.C. § 2244(d) is not jurisdictional, it is subject to traditional equitable tolling principles.  See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

/ / /

/ / /

/ / /

In Pace, the Supreme Court held that equitable tolling was not applicable because "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. In Beeler, the district court granted equitable tolling and the respondent sought a writ of mandamus to reverse the district court's order. See 128 F.3d at 1288. In denying the respondent's mandamus petition, the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition. The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control. There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations.

Id. at 1289.

In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable tolling was appropriate because:

> [A]s part of its order that Kelly be mentally evaluated, the district court ordered "that all other aspects of this case be, and hereby are, stayed pending final determination by this Court of the Petitioner's mental capacity to proceed." The only reasonable reading of this order was that it prohibited Kelly's attorney's from filing a habeas petition, which is how the district court itself construed it. . . . This stay of the proceedings prevented Kelly's counsel from filing a habeas petition and, in itself, justifies equitable tolling.

163 F.3d at 541.

In addition, the egregious misconduct of counsel may warrant equitable tolling. See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003). The Ninth Circuit has concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of counsel. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001). Mental incompetence may also warrant equitable tolling for the period the prisoner was incompetent if he can show that the incompetency in fact caused the delay. See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003).

/ / /

/ / /

The Ninth Circuit has recently addressed a petitioner's eligibility for equitable tolling due to mental impairment, and set forth a two-part test a petitioner must meet:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citing Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2562 (2010).

The Court thus directed the proper inquiry of the districts courts as follows:

> (1) find the petitioner has made a non-frivolous showing that [petitioner] had a severe mental impairment during the filing period that would entitled him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Id. at 1100-01.

Here, petitioner argues he is entitled to equitable tolling for several reasons. He cites to his multiple and simultaneous prosecutions, along with the related transfers to and from various prisons during his trials, having been found incompetent in 2007, being quarantined while incarcerated due to an outbreak of tuberculosis in 2008, and a claim of actual innocence. In support of his equitable tolling claim, he submits extensive briefs detailing the dates of each event, as well has his actions during the relevant time frames setting forth his claim of due diligence.

/ / /

According to plaintiff, following his Sacramento County conviction and sentencing (the conviction at issue in the underlying habeas petition), he was transferred to North Kern State Prison on September 26, 2005. Throughout 2006 and 2007, he claims he was transferred several times between the Solano County Jail (wherein he was standing trial for a second but separate time), North Kern State Prison, Pelican Bay State Prison, and California State Prison - Solano. His trial in Solano County began September 10, 2008, and concluded September 22, 2008. Thereafter he was again transferred between Pelican Bay, San Quentin and Solano, until January 9, 2009, when he was finally transferred back to Pelican Bay. During this time of transition, he claims he was unable to access his legal material, unable to access a law library, and had to concentrate of his Solano County trial, thus rendering him unable to file his habeas petition regarding his Sacramento County conviction.

The undersigned finds it questionable whether during this extended period of time petitioner was unable to find some time to devote to challenging his Sacramento County conviction. He was certainly aware of the running of the limited statute of limitations, as evidenced by the letters he submitted between himself and counsel. In addition, surely Congress was aware of the possibility of a prisoner being forced to stand consecutive trials when it provided for a one-year statute of limitations, without a specific exception for such a situation. However, regardless of how feasible a finding of equitable tolling may be in this situation, such a finding fails to resolve petitioner's statute of limitations problem. Even if the court were to find petitioner entitled to equitable tolling throughout this time frame, from the time of his Sacramento County conviction, until he was finally transferred back to Pelican Bay on January 9, 2009, he is still faced with an untimely federal habeas petition.

Petitioner was transferred back to Pelican Bay on January 9, 2009. He then filed his first state petition on June 26, 2009. At that point 168 days of the one-year statute of limitations had passed. The Sacramento County Superior Court issued its denial of that petition on September 23, 2009. Petitioner would likely be eligible for statutory tolling during the time

his state habeas petition was pending in the Sacramento Superior Court. However, time started running again upon the Court's denial of the petition. As discussed above, the time between the Sacramento Superior Court's denial and the time petitioner filed his state petition in the California Supreme Court on May 10, 2010, was almost nine months. Such an extended delay is unreasonable, and removes the statutory tolling of time. Petitioner filed his federal habeas petition on April 20, 2010. This was 219 days after the Sacramento Superior Court's denial. Added to the 168 days petitioner used before filing his state petition, petitioner used 387 of the 365 days allowed by the statute. Therefore, even granting petitioner equitable tolling for the time he was in transition and trial, he was still 22 days late in filing his federal habeas petition.

Petitioner also contends that delays in receiving his files from his attorneys contributed to the uncontrollable delays. However, petitioner does not allege any misconduct or negligence of counsel. Rather, he argues that his decision to have his attorneys hold his legal files and transcripts contributed to the delays, beyond his control. The undersigned does not find that argument compelling. The letters petitioner provided clearly indicate he chose to have his attorneys hold his legal documents, and any delay in receiving them was not therefore beyond his control.

Petitioner's other grounds for equitable tolling do not help him. First he claims that he was found incompetent to stand trial in 2007. However, that was in relation to his Solano County trial. Again, even if petitioner was granted equitable tolling for that time period, it does not cover the delays in 2009 and 2010. Similarly, petitioner's claim of having to be quarantined in 2008 is not helpful. This also does not address the delays in 2009 and 2010.

Petitioner's final grounds for entitlement to equitable tolling is that he is actually innocent of the underlying charge. The Ninth Circuit Court of Appeals has recently found that "a credible claim of actual innocence" may be sufficient to have otherwise time-barred claims heard on the merits. Lee v. Lampert, __ F.3d __, 2011 WL 3275947, at *2 (9th Cir. 2011). Petitioner states in a one line statement that he "has and does maintain that he is actually innocent of the

crimes by which he was convicted and therefore should be given the opportunity to prove his innocence." (Petition for Equitable Tolling, Doc. 2, at 29). This claim of actual innocence fails to make any showing entitling him to present his otherwise time-barred claims. Petitioner offers no facts or argument as to how he proposed to show he is factually innocent of the underlying charges. As such, the undersigned finds no basis for allowing his time-barred claims to proceed.

### III.     Motion to Amend

Finally, petitioner has filed a motion to amend his complaint in order to cure his mixed petition having now exhausted his claims in state court. However, as discussed above, petitioner's federal petition, exhausted or otherwise, is untimely. Amending the complaint to resolve his unexhausted claim status does not cure the untimeliness. Therefore, petitioner's motion to amend should be denied.

### IV.     Conclusion

The undersigned finds the petitioner's federal habeas petition to be untimely. The statute of limitations expired prior to the filing of petitioner's first state habeas petition. Even if the court were to grant petitioner equitable tolling until he was permanently housed in at Pelican Bay after his Solano County trial, petitioner's federal habeas petition was still filed late. In addition, he fails to make any showing in which to base a determination that he can make a credible showing of actual innocence to have his untimely claims heard on the merits.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 12) be granted;

2. Petitioner's motions for stay and equitable tolling (Docs 2, 15) be denied; and

3. Petitioner's motion to amend the petition (Doc. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written

objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE